A. W. Fenton Co., (Rudolph Wurlitzer Co.) et al. v. United States

**No. 7545.**—Invoices dated London, England, January 20, 1944, etc.
Certified January 1944, etc.
Entered at New York, N. Y., March 10, 1944, etc.
Entry Nos. 727411; 718819; 758387.

(Decided February 19, 1948)

*E. H. Loyd* for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

Oliver, Presiding Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)
On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.
Judgment will be rendered accordingly.

R. H. Macy & Co., Inc. v. United States

**No. 7546.**—Invoices dated London, England, May 7, 1946, etc.
Certified May 7, 1946, etc.
Entered at New York, N. Y., June 11, 1946.
Entry No. 767496, etc.

(Decided February 19, 1948)

*John R. Rafter* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

Lawrence, Judge: It has been agreed between the parties hereto that the issues herein relating to the above-mentioned merchandise are the same in all material respects as those decided in *United States* v. *Wm. S. Pitcairn Corp.,* 33 C. C. P. A. (Customs) 183, C. A. D. 334, and that the record therein may be incorporated herein.
Upon the agreed facts I find the export value, as defined in section 402 (d), Tariff Act of 1930, to be the proper basis for determining the values of said merchandise covered by the appeals for reappraisement enumerated on the annexed schedule which is marked "A" and made part of this decision, and that such values are the appraised values, less additions made by importer on entry because of advances by the appraiser in similar cases.
Judgment will be entered accordingly.